HOOKS v. WESTERN & SOUTHERN LIFE INS. CO.

MASTER AND SERVANT—MOTOR VEHICLES—NEGLIGENCE OF EMPLOYEE ON WAY TO LUNCH.

Employer, an insurance company, *held*, not liable for injuries caused by negligent use of automobile owned and operated by employee who was on his way home to lunch from duties as house to house canvasser at time of accident on day during which employees doing such work were instructed not to use cars and at time of day during which such work was forbidden.

Appeal from Wayne; Chenot (James E.), J. Submitted June 13, 1934. (Docket No. 39, Calendar No. 37,853.) Decided September 18, 1934.

Separate actions of case by Dorothy Hooks and William Hooks against Western & Southern Life Insurance Company, a foreign corporation, and Benedict Usovich for personal injuries received in an intersection collision allegedly due to defendants' negligence. Cases consolidated for trial and appeal. Judgment for plaintiffs against defendant Usovich. Plaintiffs appeal. Affirmed.

*Harry C. Markle,* for plaintiffs.

*E. Dean Alexander* and *Harry L. Wickey,* for defendant.

BUTZEL, J. Plaintiffs Dorothy Hooks and William Hooks were injured by an automobile driven by Benedict Usovich, an employee of the Western & Southern Life Insurance Company. Separate suits, brought by each of them against Usovich and the insurance company, were consolidated and heard by

the trial judge without a jury. Judgments were rendered against Usovich but the insurance company was absolved from liability. The main question, presented on appeal, is whether judgment should also have been rendered against defendant insurance company, herein referred to as the appellee. Liability hinges on whether Usovich at the time of the accident was acting within the scope of his employment, whether he was ''engaged in the service of his master, or while about his master's business.'' *Riley* v. *Roach,* 168 Mich. 294, 307 (37 L. R. A. [N. S.] 834).

Usovich's duties, for the performance of which he received a stated salary, and also a commission under certain conditions, consisted of canvassing, making collections, and such other work as might be specially detailed to him, all under the instructions of appellee. Although his contract of employment did not require the use of a car, Usovich used his own automobile in his work, paying all the expenses incidental to its operation. Appellee was aware of this, and did not object. However, employees were instructed not to use cars in their work on Thursdays and Fridays, days on which they were directed to canvass from house to house on designated streets. In work of that nature an automobile might obviously become a hindrance rather than an aid. In order not to disturb prospects while at lunch, agents were also instructed not to canvass from 11:30 a. m. to 1:00 p. m. During this period the employment was suspended, and agents could go wherever they pleased.

The accident occurred on Thursday, August 4, 1932, a day appointed for canvassing. On that day Usovich drove in his car from his home in Wyandotte, Michigan, a short distance to the company's

office at River Rouge. He then drove back to where he had been instructed to canvass portions of two streets. He parked his car at the end of one of these streets, and canvassed from house to house until about noon, when he returned to the car in order to go home to lunch, as was his usual custom. Shortly after he started the car, and within half a block from where it had been parked during the morning, Usovich struck the plaintiffs.

We shall not discuss cases, relied upon by appellants, where an employer was held liable under the statute imposing liability upon the owner of a car driven with his consent; where employers have been held liable under the doctrine of *respondeat superior* for accidents caused by an employee; nor where the accident occurred on premises owned by the employer; nor where the employee was driving his own car, or his master's car, on a journey to attend to his master's business; nor where there was a slight deviation from the route with the master's consent in order to shorten time required by the employee for lunch, and thus lengthen the time of service to the employer. Neither shall we discuss compensation cases in which the courts, in order to give a liberal contruction to the workmen's compensation act, have at times gone far in determining what is included in the term "scope of employment."

However, a correct statement of the law applicable to the case before us is found in *Lipinski* v. *Sutton Sales Co.*, 220 Mich. 647, a compensation case. In finding that a workman was not acting within the scope of his employment while riding back from lunch in a fellow workman's car, the court said:

"An examination of the cases where the accident was upon the street and liability was sustained will disclose that in each case the employee was *at the*

*time of the accident* in the discharge of his duties to the employer and the accident arose out of the discharge of such duties. Not so the instant case. When the accident occurred here the decedent was in discharge of no duty to the employer and the accident did not arise out of such employment.''

Except under certain conditions which do not exist in the present case, the courts as a rule have repeatedly held that when an employee, going to or returning from his lunch or dinner, injures another through the negligent use of an automobile, the employer is not liable. *Reilly* v. *Connable,* 214 N. Y. 586 (108 N. E. 853, L. R. A. 1916 A, 954, Ann. Cas. 1916 A, 656); *Bloom* v. *Krueger,* 182 Wis. 29 (195 N. W. 851); *Calhoon* v. *D. C. & E. Mining Co.,* 202 Mo. App. 564 (209 S. W. 318); *Ebers* v. *Whitmore,* 122 Neb. 653 (241 N. W. 126); *Green* v. *Western Union Telegraph Co.* (Mo. App.), 58 S. W. (2d) 772; *Kish* v. *California State Automobile Ass'n,* 190 Cal. 246 (212 Pac. 27).

Even if there were any merit to the other grounds of error set forth by appellant, they would not affect the result. The trial court correctly found defendant insurance company not liable. The judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.