HORBAL *v.* TYTER.

1. APPEAL AND ERROR—HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—GREAT WEIGHT OF EVIDENCE.

Denial of new trial to plaintiff in action for alienation of affections of his wife *held,* not error where testimony was conflicting and verdict for defendant not against great weight of evidence.

2. HUSBAND AND WIFE—ALIENATION . OF AFFECTIONS—CONTINUED CONJUGAL STATUS—INSTRUCTIONS.

In husband's action for alienation of wife's affections, instruction that if wife was willing to restore affection and benefits of consortium previously enjoyed and husband refused to accept her at former value, such refusal should not be charged to defendant *held,* not reversible error under record showing, among other things, failure of husband and wife to separate, commencement of action, birth of child to them a year later and continued conjugal status at time of trial about two and a half years after commencement of action.

3. TRIAL—COMMENT ON EVIDENCE—COURT RULES.

In trial of action for alienation of affections in which wife was husband's most important witness, comment of court that wife testified to her own shame in order to help husband's case and that court's comments on evidence were not binding on jury *held,* not reversible error since practice of commenting on evidence is justified by Court Rule No. 37, § 9 (1933).

FEAD and WIEST, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 22, 1936. (Docket No. 106, Calendar No. 36,516.) Decided June 16, 1936.

Action by Alex Horbal against Theodore Tyter for damages for alienation of affections. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph Charnoske (Patrick H. O'Brien,* of counsel), for plaintiff.

*John Panchuk,* for defendant.

North, C. J.  Because of the alleged alienation of his wife's affections plaintiff brought this suit against defendant.  On trial by jury verdict was rendered in favor of the defendant and judgment entered accordingly.  Plaintiff has appealed.

Appellant's first claim is that there was error in refusal of his motion for a new trial, the motion being urged on the ground that verdict was against the great weight of the evidence.  Careful review of this record discloses that conflicting testimony, accompanied by circumstances which had a material bearing upon the credibility of the witnesses, presented a fair issue for determination by a jury.  The trial court was not in error in denying plaintiff's motion for a new trial.

The remaining claims of appellant are that error was committed by the trial court in each of two portions of the charge to the jury.  The first of these reads:

"I charge you that if the wife was willing and evinced a desire to return to her husband upon the former footing and restore to him the affection and all the benefits of consortium which he previously enjoyed, but he, through his own conduct, repelled her and refused to accept her back at her former value, his refusal cannot be charged up to the defendant.  He is depriving himself of his wife's affections under those circumstances, she being willing to return to him and to accord him all the privileges of a husband which he formerly enjoyed and if he, for any reason, refuses to accept her back and to enjoy the privileges which she offers, that is no fault of the defendant and may not be charged against him."

This statement if applied to the ordinary alienation case might be considered erroneous and prejudicial; but as applied to the extraordinary factual situation of the instant case it was proper in that it had a material bearing upon proximate cause and upon the measure of damages in event plaintiff recovered. This case is unusual in that notwithstanding the alleged alienation plaintiff and his wife did not separate at any time but instead have continued to live together. Plaintiff asserts that interference with his domestic relations by defendant continued from June, 1928, to the following November. This suit was started November 26, 1928. A child was born to plaintiff and his wife November 24, 1929. At the time of the trial (May, 1931) plaintiff and his wife were still living together and she was his main, and seemingly most willing, witness. In explanation of plaintiff's claim that his domestic relations were still strained and unhappy, his wife testified:

"Every day we were quarreling and fighting and continues up to the present time. * * * He almost always throws those things up to me. * * * No, from that other occasion (former association with defendant) he is whipping me, throwing things up to me and I haven't got a peaceful life. * * *

"Q. Do you now care for your husband as much as you did before Mr. Tyter first came to see you?

"A. I would like to like him, but he doesn't like me.

"Q. You are perfectly willing to be friendly and a faithful wife to him now?

"A. I would like to be, but he doesn't like me."

Under such a record and as bearing upon the actual or proximate cause of plaintiff's continuing domestic unhappiness, as well as upon the measure

of damage that would be fairly compensatory, it was not error for the court to instruct the jury that if plaintiff's own misconduct prolonged or aggravated his misfortune, the trouble was not wholly chargeable to defendant.

The other portion of the instructions of which appellant complains reads:

"We have here a unique situation of a wife, whose affections are claimed to have been alienated from a husband, taking the stand and testifying to her own shame in order to help that husband's case. I merely present that situation to you for your consideration. It is a situation which ought to be borne in mind and the weight of which should be considered by you."

This portion of the charge was proper in that it directed the attention of the jury to a phase of the record which had a material bearing upon the credibility of plaintiff's most important witness. Insofar as there was comment by the trial judge on the testimony, the practice is justified by Court Rule No. 37, § 9 (1933). In this connection it may be noted that the trial court said to the jury:

"Under the rules of this court I am permitted to comment upon the evidence, but I counsel you at the beginning that my comments are not binding upon you. You and you alone are the determiners of the facts, but you may take such comments as the court chooses to make into consideration in your deliberations."

Plaintiff's appeal discloses no reversible error. Judgment is affirmed, with costs.

BUTZEL, BUSHNELL, EDWARD M. SHARPE and TOY, JJ., concurred with NORTH, C. J.

WIEST, J. (*dissenting.*) I cannot approve the instruction mitigating damages if the wife desired resumption of the full marital relation and plaintiff refused to take her back at her former value.

I apprehend the rule to be that if a husband takes back his errant mate, and there is resumption of the full marriage relation, inclusive of mutual affection, comfort and confidence, the defendant may so show in mitigation of damages, but return of the estray and willingness on her part to resume the obligation of fidelity, coupled with alleged affection, if repellent to her innocent mate by reason of defendant's period of illicit enjoyment thereof, cannot operate to relieve defendant in any degree from damages if guilty of the wrong charged.

For this error the judgment should be reversed and a new trial granted, with costs to plaintiff.

FEAD, J., concurred with WIEST, J. POTTER, J., took no part in the decision of this case.