VITAIOLI *v.* BERKLUND.

1. APPEAL AND ERROR—INSTRUCTIONS—LOGGING—MASTER AND SERVANT.

In pedestrian's action against log hauler and his employer for injuries sustained when hit by projecting bunks of logging truck owned by hauler who went home on weekends only and was proceeding thereto on Saturday afternoon after unloading his last load, charge of court that when employee was finished with his day's work and gone a long distance away from his place of work towards home he was then on his own responsibility and not that of his employer was not prejudicial error.

2. AUTOMOBILES—MASTER AND SERVANT—PEDESTRIANS—VERDICTS—EVIDENCE.

In pedestrian's action against log hauler and his employer for injuries sustained when hit by truck while employee who owned truck was going home on weekend after having unloaded last load, finding of jury that employee was not engaged in any work for employer at the time of the accident was sustained by evidence.

3. TRIAL—COMMENT ON EVIDENCE.

Comment of court that whether or not log hauler was going home with his truck on Saturday afternoon after having unloaded his last load in order to get chains was unimportant except as it bore upon relation between log hauler and other defendant, the employer, in action by pedestrian for injuries sustained when hit by truck was not error in view of court's right to comment on evidence afforded by court rule (Court Rule No. 37, § 9 [1933]).

4. APPEAL AND ERROR—HARMLESS ERROR—MASTER AND SERVANT—INDEPENDENT CONTRACTOR.

In pedestrian's action for injuries, sustained when hit by truck owned by log hauler who was homeward bound on Saturday afternoon after having unloaded his last load, error, if any, in failure of court to submit question of whether or not log hauler was an independent contractor was harmless, in view

Liability of principal for torts of agent committed in his own behalf, see 1 Restatement, Agency, § 235.

of fact that jury should have been instructed that truck
owner was not in the course of his employment at the time
and place of accident.

5. AUTOMOBILES—MASTER AND SERVANT—PEDESTRIANS.
    Truck owner who went home on weekends only and who, at time
    of accident for which pedestrian brought action against trucker
    and employer, was proceeding homeward after having unloaded
    last load on Saturday, was on his own business and not that
    of employer so as to render latter liable for injuries.

6. APPEAL AND ERROR—INSTRUCTIONS—DIRECTED VERDICT.
    Errors in instructions given jury do not require reversal where
    evidence was such that court should have directed verdict in
    favor of party for whom jury gave verdict.

7. SAME—SPECIAL QUESTIONS—DIRECTED ANSWERS.
    Court's submission of two special questions to jury and then
    directing it to answer the questions in the affirmative was
    harmless error where there was no dispute as to such matters.

Appeal from Dickinson; Bell (Frank A.), J. Sub-
mitted October 15, 1940. (Docket No. 77, Calendar
No. 41,205.) Decided January 6, 1941.

Case by Alex Vitaioli against William Berklund
and Otto Ruttner for personal injuries sustained
when he was struck by a truck. Verdict and judg-
ment for plaintiff against Otto Ruttner only. Plain-
tiff appeals. Affirmed.

*Ray Derham,* for plaintiff.

*McGinn & Kueber* (*James R. Fitzharris,* of
counsel), for defendant Berklund.

CHANDLER, J. On December 3, 1938, plaintiff
was walking in a southerly direction on the shoulder
of a highway in the city of Iron Mountain. Defend-
ant Otto Ruttner was proceeding in the same di-
rection with a logging truck which carried project-

ing bunks. One of the bunks struck plaintiff, fracturing his left arm and inflicting other injuries.

Defendant Berklund was engaged in the logging business near Amasa. Defendant Ruttner had been hired by him to haul logs from his camp to Sagola, a distance of about 30 miles. Ruttner was to furnish his own truck and trailer and pay for his own gasoline. His pay was to be $5 per thousand feet of logs carried. Berklund paid social security tax for Ruttner and also paid compensation insurance for him.

Ruttner was living on a farm near Carney with his wife and 70-year-old mother-in-law. He boarded at Amasa during the week and went home week-ends. On Saturday, December 3, 1938, after unloading his last load of logs, he started for his home at Carney. It was on this trip that his truck injured plaintiff.

It was claimed by plaintiff at the trial that Ruttner did not intend to go home on this particular Saturday until he decided to get tire chains for his truck from home. On the other hand, defendant Berklund attempted to prove that Ruttner was not in the course of his employment at the time the accident occurred by showing that Berklund had no control over Ruttner's truck; that Ruttner was to furnish his own chains; and that Ruttner did not have to go home for chains because he had chains. A statement, alleged to have been voluntary, made by Ruttner to one of Mr. Berklund's attorneys on April 4, 1939, was introduced. Nothing was mentioned about going home for chains in this statement.

Suit was brought against both Ruttner and Berklund. The jury returned a verdict against defendant Ruttner for $2,000 but found in favor of defendant Berklund. Plaintiff filed a motion for a new trial which was denied by the trial court and this appeal followed. There is no appeal from the verdict against Ruttner. The only question before us pertains to the liability of defendant Berklund.

In the first place, plaintiff contends that the following charge of the trial court was erroneous.

"Now I charge you that as a matter of law in the absence of such a contract there would be no liability on Mr. Berklund, because when an employee has finished his day's work—acting on the assumption that Ruttner was an employee—when he has finished his day's work and gone a long distance away from his place of work towards his home or boarding house, he is then on his own responsibility and not on the responsibility of his employer. You can see how that must be true as a matter of common sense as well as of law."

He also complains of the court's finding in its opinion denying the motion for a new trial that the accident did not arise in the course of the employment.

We can find no prejudicial error in this part of the charge. The court left it to the jury to determine whether or not the defendant Ruttner was acting in the course of his employment. Upon careful review of the record, we find the testimony clearly shows that Ruttner was not engaged in any work for Berklund at the time of the accident and the resulting verdict in favor of Berklund was not against the great weight of the evidence.

Plaintiff also contends that the court erred in instructing the jury that the fact that defendant Ruttner was going after chains for use in his work for defendant Berklund was immaterial and unimportant. The portion of the charge in question is as follows:

"I say to you for what it is worth, in my view of the case you are not bound by it at all, the question of whether or not the defendant Ruttner was going home after chains or not is not of any particular

importance, only as regards the defendant Berklund, for if he is liable at all he is liable under his contract."

It is apparent from these words that the court was not directing the jury to disregard the testimony concerning the chains, but rather it was only exercising its right to comment on the evidence as provided by Court Rule No. 37, § 9 (1933). The court expressly cautioned the jury that it was his view of the case and that they were not bound by his remarks. There is no merit to appellant's objection as to this portion of the charge. See *Horbal* v. *Tyter*, 276 Mich. 242; *Grzelka* v. *Chevrolet Motor Car Co.*, 286 Mich. 141.

It is next claimed that the court erred in submitting to the jury the question of whether or not Ruttner was an independent contractor. In the opinion denying the motion for a new trial, the court stated in answer to this claim of error:

"I am inclined to agree with counsel about that, that while there was some testimony which tended to show that he was an independent contractor, I think the court might well have said to the jury under the overwhelming evidence * * * it appeared in the trial, that at the time and place of the accident, the defendant Ruttner was not engaged in the business of the defendant Berklund, and was not at that time and place his employee."

In this statement, the court seemed to agree with counsel that he should not have given the instruction but then states in effect that he should have gone further and instructed the jury that under the evidence Ruttner was not in the course of his employment at the time and place of the accident. This is tantamount to saying that he should have directed a verdict for Berklund. Our review of the record

leads us to agree with the trial court in this respect. When Ruttner quit his job early Saturday afternoon, as he testified, and started for his home to get tire chains and help his wife with the farm work, he was then on his own business, and cannot be said to have been on his master's business at the time and place of the accident. Even if we assume that this part of the charge was erroneous, errors in instructions do not require a reversal where the evidence is such that a verdict should have been directed for the defendant. This portion of the charge was not prejudicial, and taken as a whole the charge fully protected the rights of appellant. In fact, the court went a long way in even submitting the case to the jury, as to Berklund, on the question of whether the accident occurred in the course of Ruttner's employment, in view of the evidence presented at the trial.

There was an objection raised by appellant that the court erred in submitting two special questions to the jury and then directing it to answer the questions in the affirmative. This was an unnecessary procedure in that there was no dispute as to those matters, and we cannot see how any harm was done by submitting the questions.

The other questions raised by appellant have been considered but we find no merit to them and we hold that they were properly disposed of by the trial court in its opinion denying the motion for a new trial.

The judgment and order of the trial court are affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.