## LOCKE v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—SUSPENSION OF PART OF EMPLOYEES' SALARIES—REPAYMENT.

Ordinances by which city in financial straits suspended 10% of salaries of certain municipal employees effected contributions by such employees, impliedly to be repaid later when payment became possible, and was not intended as a cut in compensation of such employees (Detroit Ordinances 146-C, 166-C).

2. LIMITATION OF ACTIONS—COMMENCEMENT OF RUNNING OF STATUTE.

The burden is upon party asserting the statute of limitations to prove when the statute began to run (CL 1948, § 609.13).

3. SAME—MUNICIPAL CORPORATIONS—BURDEN OF PROOF.

Defendant city in action by its court employees to recover portion of salary suspended when city was in financial straits due to inability to collect taxes failed to sustain its

REFERENCES FOR POINTS IN HEADNOTES

[2] 34 Am Jur, Limitation of Actions § 450.
[4] 38 Am Jur, Municipal Corporations § 677.
[5] 39 Am Jur, Parties § 44 *et seq.*
[5] Identity or community of interest essential to class or representative suit. 132 ALR 749.

burden of proving when statute of limitations began to run against such contributions for which there was an implied promise to make repayment when funds were available (CL 1948, § 609.13).

4. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS FOR AUDIT—LIQUIDATED, EXISTING OBLIGATION.

It was unnecessary to present to common council of home-rule city for audit and allowance, claim for portion of salaries, earned by plaintiffs, which had been withheld while city was in financial difficulties and were payable when funds became available, as the obligation involved was liquidated and not a new one.

5. PARTIES—CLASS SUITS—COMMON RELIEF.

Class suit was a proper action for recovery of liquidated damages by numerous members of class involved, where the apportionment of the damages among the several claimants is not disputed, common questions of law and facts are involved affecting their rights, a common relief is sought and it would be impracticable to bring the plaintiffs separately before the court (Court Rule No 16, § 1 [1945]).

Appeal from Wayne; Webster (Arthur), J. Submitted June 4, 1952. (Docket No. 23, Calendar No. 45,381.) Decided October 6, 1952. Rehearing denied December 9, 1952.

Class action by Matthew Locke for himself and on behalf of others against City of Detroit to recover amount of contributions from wages. Judgment for plaintiffs. Defendant appeals. Affirmed.

George A. Kelly and Walter E. Kelly, for plaintiffs.

Paul T. Dwyer, Acting Corporation Counsel, and Andrew DiMaggio, Walter E. Vashak and Helen W. Miller, Assistants Corporation Counsel, for defendant.

BOYLES, J. This is an appeal from a judgment for the plaintiffs in a class suit, brought under Court

Rule No 16, § 1 (1945), by and on behalf of the employees or former employees of the recorder's court of Detroit, to recover compensation withheld from them by the city during the fiscal years 1932 to 1934 on account of financial difficulties in which the city was then involved. Like suits have been before this Court for review in other cases, to which reference will later be made. In the instant case, the trial court without jury entered judgment for the plaintiffs, and the defendant city appeals.

The essential facts are not in dispute. If affirmed, plaintiffs are entitled to the amounts established by the judgment as entered, which divides and apportions the total amount between the several plaintiffs. The amount and apportionment is not challenged on this appeal.

Under the statute governing the recorder's court,[*] its judges have the power to appoint employees and fix their compensation, provided that the total amount so expended shall not exceed the sums appropriated therefor by the legislative body of the city. The appropriations made by the common council of Detroit for said court for the fiscal years 1932–1933 and 1933–1934 were approximately 10% less than it had been for the fiscal years 1931–1932. Obviously, this required either a reduction in number of employees or a reduction in compensation. The judges chose the latter course and arranged their payroll accordingly. Had the situation ended there, when the judges of the recorder's court adjusted downward the compensation of its employees in accordance with the reduced appropriations made by the common council, more force might now be given the defendant city's present claim that the recorder's court itself had reduced the pay of its employees

---

[*] PA 1919, No 369, as amended (CL 1948, § 725.1 et seq. [Stat Ann and Stat Ann 1949 Cum Supp § 27.3941 et seq.]). The amendment by PA 1951, No 87, does not apply here.

without further recourse by them. Other developments negate the city's claim that the rights of the employees were established with finality by the reduction in pay.

The so-called "red books" showing the appropriations for the city of Detroit, including the recorder's court, for the fiscal years here involved, establish approximately 10% reductions in appropriations for said fiscal years. They show the 10% reductions in the amounts appropriated for compensation in the recorder's court as a "salary suspension." At the trial this was explained as a "salary suspension item * * * suspended for the 146–C"—meaning ordinance No 146–C.

Ordinance 146–C, thus referred to, went into effect January 7, 1932, and on May 2, 1932, ordinance 166–C went into effect. In all essentials ordinance 166–C copies the language of ordinance 146–C and has several times been construed by this Court. In *Tumey* v. *City of Detroit,* 316 Mich 400, the Court referred to said ordinances as follows:

"By ordinance No 146–C, approved January 6, 1932, the common council of the city of Detroit provided that all officers and employees of said city, other than those of the street railway system, should contribute to the city a sufficient number of days' work each pay period so that the amount of their contributions would equal 10% of the salaries or wages of officers and employees generally, and an additional 10% of the salaries or wages of officers or employees receiving in excess of $4,000 per year. Subsequently, ordinance No 166–C was adopted, referring to the prior ordinance and providing for further contributions by officers and employees of the city. The construction of said ordinance No 166–C was before this Court in *Detroit Municipal Employees Ass'n* v. *City of Detroit,* 310 Mich 480, in which it was held that the deductions from salaries and wages made thereunder did not con-

stitute reductions in pay and were, in fact, contributions that were to be repaid later when payment became possible."

The ordinance need not be repeated here. It was quoted at length in *Detroit Municipal Employees Ass'n* v. *City of Detroit, supra,* where the Court said:

"To decide the cases we must construe the ordinance. The language is awkward. If the purpose was to reduce the pay of city employees during the 2 months it would have been a simple matter to have so stated and thereby have avoided the idea of contribution toward the mentioned deficit which was occasioned, in part at least, by inability to collect taxes levied to pay these employees at that time."

See, also, *Thal* v. *Detroit Board of Education,* 316 Mich 351, where the Court held that the employees of the Detroit board of education were entitled to recover wages withheld by the city in 1932 for similar reasons.

In accord with the previous holdings of the Court, we conclude that ordinance 146–C was not intended as a cut in compensation of these plaintiffs as employees but as a contribution by them to be repaid when funds were available.

Appellant, also, now argues that plaintiffs' claims are barred by the statute of limitations.* A like claim has been passed upon by us and decided adversely. There was an implied promise by the city to repay the employees' contributions when funds were available; and the burden was upon the defendant city which relies on the statute to prove the facts. We agree with the trial court that the defendant failed to prove any time when the statute began to run. See the *Tumey Case, supra,* pp 409, 410.

* See CL 1948, § 609.13, as amended by PA 1951, No 21 (Stat Ann 1951 Cum Supp § 27.605).—Reporter.

Appellant also advances the claim, as was done in the *Tumey Case* (p 411), that plaintiffs are barred from recovery by failure to present a claim to the common council. The record shows that the claim was presented twice and demand for payment made, the form being objected to by counsel for the city. In the case at bar, the obligations are liquidated and no question is raised as to the amounts. It was not necessary to present the claims to the council for audit and allowance. *Tumey Case, supra,* pp 411, 412.

Finally, appellant claims that the present suit is not a proper class action under Court Rule No 16, § 1 (1945). The damages are liquidated and the apportionment among the several claimants is not questioned. It is not disputed that there are numerous members of the class involved, that common questions of law and facts are involved affecting their rights, and a common relief is sought. It would be impracticable to bring the plaintiffs separately before the court and Court Rule No 16 applies.

Affirmed, with costs to plaintiffs.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.