SIMPSON *v.* WAYNE COUNTY DRAIN COMMISSIONER.

1. ATTORNEY AND CLIENT—ATTORNEY FEES—CLASS SUIT.

Whether one professes to sue representatively or formally makes a fund available for others may be a relevant circumstance in making the fund liable for his costs in producing it, but when such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation or the absence of an avowed class suit or the creation of a fund through *stare decisis* rather than a decree do not touch the power of equity in doing justice as between a party and the beneficiaries of the litigation with respect to the allowance of petition for attorney fees.

2. SAME—ATTORNEY FEES—PARTIAL SUCCESS IN DRAIN PROCEEDING.

Trial court's disallowance of attorney fees to counsel for plaintiffs who brought suit to nullify drain proceedings *held*, not

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Costs § 74.
[2] 14 Am Jur, Costs § 75.
[3] 19 Am Jur, Equity § 124; 39 Am Jur, Parties § 44.
[4] 39 Am Jur, Parties § 48.
[5] 39 Am Jur, Parties §§ 46, 53.

an abuse of discretion, where trial court upheld the jurisdiction of the drain commissioner and the order determining the necessity of the proposed relocation and tiling of the drain but canceled the assessment and ordered a new one.

3. EQUITY—CLASS SUIT.

The class action is employed to do equity in the situation in which a multitude of parties had claims presenting a common question and it is impractical to bring them all before the court (Court Rule No 16 [1945]).

4. PARTIES—CLASS SUIT—COMMON RELIEF—REPRESENTATION.

The showing to be made in order to insure that the rights of those not parties to the claimed class suit are fairly represented is not only that there is a common legal or factual question, and that a common relief is sought, but that the parties represent the entire class (Court Rule No 16 [1945]).

5. EQUITY—CLASS SUIT—COURT RULES.

Suit to nullify drain proceedings, brought by some of the property owners, did not qualify as a class suit, where it does not appear to have been brought on behalf of all members of the class, prayer for relief speaks of the plaintiffs and the "other resident and nonresident owners," and court rule provision as to notice to all members of the class was not complied with (Court Rule No 16 [1945]).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted October 8, 1959. (Docket No. 28, Calendar No. 48,251.) Decided January 4, 1960.

Bill by William N. Simpson and other property owners, with the City of Livonia intervening, against Christopher J. Mulle, Wayne county drain commissioner, with Henry V. Herrick substituted in that capacity, Harold E. Stoll, Wayne county treasurer, and John Bennett, Redford township treasurer, to invalidate drain proceedings and to enjoin collection of assessment. Consent decree entered invalidating assessment, but upholding drain commissioner's jurisdiction and ordering new assessment. Petition for determination of plaintiffs' attorney fees and payment thereof from impounded funds denied. Petitioners appeal. Affirmed.

*George J. Armbruster* and *John Morth* (*Carroll C. Grigsby,* of counsel), for plaintiffs.

*Samuel H. Olsen,* Prosecuting Attorney, Wayne county, *Hobart Taylor, Jr., David E. Flayer* and *William F. Bledsoe,* Assistant Prosecuting Attorneys, for defendant Stoll and (*Chester Pierce,* of counsel) for defendant Herrick.

Smith, J. The case before us relates to attorney fees. It comes to us as an appeal from an order denying a petition for such fees.

The petition arose out of an action in equity contesting drain proceedings in Redford township and Livonia. The action was brought originally to enjoin the drain commissioner and treasurer of Wayne county, and the treasurer of Redford township, from taking any further action respecting financing or carrying out the relocation and tiling of the Ashcroft-Sherwood-Livonia drain. In addition, plaintiffs sought to have the proceedings declared null and void and the assessment against plaintiffs' and others' land canceled. The grounds for this action were certain asserted irregularities in the proceedings, and supposed discrimination in levying the assessments, resulting, it was said, in a lack of jurisdiction in the drain commissioner, rendering the whole sequence of proceedings a nullity. Subsequent to the filing of the bill of complaint, the city of Livonia, which would have been affected by the drain proceedings, and certain of its residents, filed a petition to intervene and were permitted to do so. The action culminated in a consent decree, filed on June 18, 1958. This decree upheld the jurisdiction of the drain commissioner but declared the assessment invalid, directed its cancellation, and ordered the drain commissioner to perfect a new assessment to pay for the proposed improve-

ments. Following this decision, counsel for plaintiffs petitioned for an award of attorney fees. This appeal is taken from the denial of that petition.

Appellants assert that they should have been awarded attorney fees from the paid and unpaid portions of the drain assessment that was declared invalid. They apparently contend that the desired award is proper, either on the theory that the litigation was conducted on behalf of all the property owners in the drainage district (who, they say, thereby received a substantial benefit) or on the broader equitable doctrine of *Sprague* v. *Ticonic National Bank,* 307 US 161 (59 S Ct 777, 83 L ed 1184). Upon either theory, we must deny appellants' claim, and we shall discuss the latter contention first.

In the *Sprague Case* it was held that (p 167):

"Whether one professes to sue representatively or formally makes a fund available for others may, of course, be a relevant circumstance in making the fund liable for his costs in producing it. But when such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation—the absence of an avowed class suit or the creation of a fund, as it were, through *stare decisis* rather than through a decree—hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation."

Without deciding, we assume that the trial chancellor might allow attorney fees in his discretion although the action was not brought on behalf of all. As a result of the consent decree in the present case, all the property owners will have the opportunity to be heard in the assessment proceedings to be held in due course. While some of them, who have charged discrimination in the assessment, may have preserved a valuable right, it is not clear that the property owners of the drainage district have

benefited as a class. The cancellation of the assessment has been ordered, it is true, but the initiation of proceedings to perfect a new assessment and levy has also been ordered, and if some pay less under the new assessment, others will pay more. These circumstances would amply justify denying the award. See *Commissioner of Insurance* v. *Massachusetts Accident Co.*, 318 Mass 238 (61 NE2d 137). In fact, there is much merit in the argument that appellants did not in truth succeed below since one of the main purposes of the suit, the nullification of the whole sequence of proceedings, was not accomplished. The decree, on the contrary, upheld both the jurisdiction of the Wayne county drain commissioner and the order determining the necessity of the proposed relocation and tiling of the drain. In this respect the cases cited by appellants may be distinguished.

Insofar as this appeal rests on the theory that the suit in the instant case was a class action, it is equally untenable. The class action was an early device employed to do equity in the situation in which a multitude of parties had claims presenting a common question and it was impractical to bring them all before the court. Chafee, Some Problems of Equity, pp 200–213. In this type of proceeding some could sue for the benefit of all and all would be bound by the result.

The current formulation is set forth in Michigan Court Rule No 16 (1945). The pertinent portions are as follows:

"If persons constituting a class are so numerous as to make it impractical to bring them all before the court, such of them, 1 or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced  *  *  *  is  *  *  *

"(c) Several, and there is a common question of law or fact affecting the several rights and a common relief is sought.

"Notice of such suit shall be given to the other members of the class in such manner as the court, by order, shall direct. The suit shall not be dismissed or compromised without the approval of the court after notice to the members of the class, given in such manner as the court shall direct."

The showing to be made, in order to insure that the rights of those not parties to the action are fairly represented, is not only that there is a common legal or factual question, and that a common relief is sought, *Locke* v. *City of Detroit,* 335 Mich 29, but that the parties adequately represent the entire class, *Dipboye* v. *Acchione,* 351 Mich 550.

The suit here involved does not qualify as a class action. The essential of such a proceeding, that the suit be brought "on behalf of all" the members of the class, does not satisfactorily appear. The bill of complaint, on its face, does not purport to be a class action. The prayer for relief, in fact, speaks of the plaintiffs and the "other resident and non-resident owners." Counsel obviously could not obligate these other property owners by any kind of fee agreement with appellants, particularly since the allowance of such fees is discretionary in the trial chancellor.

While the above discussion is decisive of this question, it should also be noted that Court Rule No 16 provides for notice to be given to all members of the class "in such manner as the court, by order, shall direct." This requirement, having the purpose of insuring that the rights of those not actually parties to the action are fairly represented, was not complied with in the present action.

The proper recourse of counsel for their fees in this case is to those who actually retain them and

not to the hundreds of others on whose behalf this suit was not brought, to whom notice was not given, and to whom no substantial benefit accrued.

The order of the lower court is hereby affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.