PETERS v DEPARTMENT OF STATE HIGHWAYS

1. Torts—Sovereign Immunity—Statutes—Interpretation—Strict Construction.

   Statutory language depriving a state of its immunity from liability for its torts should be strictly construed, but all parts of the statute are to be given effect and all words are to be given their common meaning (MCLA 8.3a; MSA 2.212[1]).

2. Torts—Sovereign Immunity—States—Waiver—Statutes.

   The state is generally immune from tort liability unless an express statutory exception applies (MCLA 691.1407; MSA 3.996[107]).

3. Torts—Sovereign Immunity—States—Statutes—Waiver—Automobiles—Requirements.

   A statute defining the tort liability of the state for automobile negligence involving state vehicles requires that the vehicle be operated by an officer, employee or agent of the state and that the vehicle be owned by the state; unless both requirements are met, the statute does not apply (MCLA 600.6475; MSA 27A.6475).

4. Automobiles—Owner's Negligence—Torts—Employer's Liability.

   The tort liability imposed on the owner of a motor vehicle is similar to that imposed on an employer for the torts of his employee, but they are not the same.

5. Automobiles—Ownership Liability—Necessary Relationships—Statutes.

   To be an owner for purposes of motor vehicle liability it is necessary to have one of the following relationships with the motor vehicle: (1) exclusive control over the vehicle for 30 days,

References for Points in Headnotes

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 101.
[3–7] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 120.
   Construction and application of statute making municipal corporation liable for damages due to negligence of official or employee while operating vehicle. 136 ALR 582.

(2) legal title to the vehicle, or (3) be a conditional vendee, lessee or mortgagor with immediate right to possession (MCLA 257.37; MSA 9.1837).

6. AUTOMOBILES—STATES—REIMBURSEMENT FOR USE—LEASES.

State reimbursement of an employee for the use of his automobile does not create a lease arrangement between the employee and the state.

7. TORTS—STATES—SOVEREIGN IMMUNITY—AUTOMOBILE NEGLIGENCE—WAIVER—GOVERNMENTAL FUNCTION—EMPLOYEE AUTOMOBILES—INTENT OF LEGISLATURE.

The state by statute waives its immunity from tort liability for the negligent operation of a vehicle when the operation of the vehicle is a governmental function, but it is clear that the Legislature did not intend to waive the state's immunity from tort liability for incidents arising out of an employee's use of his own automobile on state business (MCLA 600.6475; MSA 27A.6475).

Appeal from the Court of Claims, Willard L. Mikesell, J. Submitted November 12, 1975, at Lansing. (Docket Nos. 22722, 22723.) Decided January 8, 1976.

Complaint by Dwaine J. Peters and Helen V. Peters, and by Dwaine J. Peters for the estate of Dwaine J. Peters, II, a minor, against the Department of State Highways for damages resulting from an automobile collision. Defendant's motion for summary judgment denied. Defendant appeals by leave granted. Reversed and remanded.

*Gerald G. Danin,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for the Highway Department.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Dwaine Peters and his son were injured when the automobile that the father was driving was involved in an accident with an automobile owned and driven by Mark Panknin. Panknin was employed by the State Highway Department. At the time of the accident he was performing his duties for the state. The state and Panknin had an agreement whereby the state reimbursed Panknin for the use of his automobile on official business.

Subsequently, the plaintiffs instituted suits against the state under § 6475 of the Court of Claims Act.[1] The state moved for summary judgment on the basis of governmental immunity. The trial court denied the state's motion with a written opinion explaining that to give effect to the phrase "ownership *or* operation" it was necessary to construe the statute as waiving the state's immunity for the negligent operation of non-owned automobiles.

Unlike the other provisions of the Court of Claims Act,[2] § 6475 waives the state's immunity from liability for its torts as well as immunity from suit. See *Mead v Public Service Commission,* 303 Mich 168, 173; 5 NW2d 740 (1942), *Daszkiewicz v Detroit Board of Education,* 301 Mich 212, 220–221; 3 NW2d 71 (1942). As with all governmental immunity statutes, the cardinal rule of construction is that the language depriving the

---

[1] MCLA 600.6475; MSA 27A.6475, provides:

"In all actions brought in the court of claims against the state to recover damages resulting from the negligent operation by an officer, agent or employee of the state of a motor vehicle or an aircraft, other than a military aircraft, of which the state is owner, the fact that the state, in the ownership or operation of such motor vehicle or aircraft, was engaged in a governmental function shall not be a defense to such action. This act shall not be construed to impose upon the state a liability other or greater than the liability imposed by law upon other owners of motor vehicles or aircraft."

[2] MCLA 600.6401 *et seq.;* MSA 27A.6401 *et seq.*

state of its immunity from liability for its torts should be strictly construed.[3] *Stremler v Department of State Highways,* 58 Mich App 620, 632–633; 228 NW2d 492 (1975). However, it is also a general rule of statutory construction that all parts of a statute are to be given effect and all words are to be given their common meaning. MCLA 8.3a; MSA 2.212(1), *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971).

In reaching its conclusion the trial court heavily relied on the latter rules of statutory construction, necessarily discarding the rule on strict construction. In its opinion such a construction is necessary to give meaning to the clause "ownership *or* operation". However, the reading that the trial court gave the clause distorts the plain meaning of two parts of the statute. On the other hand there is a construction that can be placed on the clause that both gives that clause a logical meaning and the other parts of the statute their logical meanings. It also preserves the requirement of strict construction to statutes waiving the state's immunity from tort liability.

It must be noted that the initial provisions of the statute define when the state will be liable for automobile negligence. To qualify under the statute it is necessary that the state's vehicle be operated by an officer, employee or agent of the state AND that the vehicle be owned by the state. Unless both requirements are met, the statute by its own terms does not apply. The reading that the trial court gave the clause in question negated the second qualifying element.

Furthermore, the construction of the statute that the trial court imposed violates the express

---

[3] The general rule is that the state is immune from tort liability unless an exception applies. MCLA 691.1407; MSA 3.996(107).

language of the second sentence of the statute. That sentence provides that the statute should not be construed to place a greater liability on the state than on owners of private vehicles. However, the type of liability imposed by the trial court is not that of an owner[4] but rather that as an employer. While the two types of liability are similar, they are not the same. *Moore v Palmer,* 350 Mich 363, 383, 394; 86 NW2d 585 (1957).

Unlike the doctrine of *respondeat superior* the liability imposed on the owner of the motor vehicle is direct and not derivative. MCLA 257.401; MSA 9.2101, *Frazier v Rumisek,* 358 Mich 445, 457; 100 NW2d 442 (1960), *Wilson v Al-Huribi,* 55 Mich App 95, 98; 222 NW2d 49 (1974). While the liability imposed by the owners liability statute is broader than that imposed under *respondeat superior,*[5] there is one condition that must be met, the person must own the vehicle.[6] *Moore v Palmer, supra* at 388, accord, *Vitaioli v Berklund,* 296 Mich 56; 295 NW 557 (1941), *Hooks v Western & Southern Life Insurance Co,* 268 Mich 421; 256 NW 469 (1934). To be the owner of a vehicle under the statute it is necessary to have one of the following relationships with the motor vehicle: (1) exclusive control over the vehicle for 30 days, (2)

---

[4] MCLA 257.401; MSA 9.2101.

[5] *Roberts v Posey,* 386 Mich 656, 661; 194 NW2d 310 (1972).

[6] To impose liability under MCLA 257.401; MSA 9.2101, it is necessary to prove two elements. First, it must be shown that the defendant is the owner of the vehicle. Second, it is necessary to prove that the owner consented to the operation of the vehicle by another. *Cowan v Strecker,* 394 Mich 110; 229 NW2d 302 (1975).

To impose liability under the doctrine of *respondeat superior,* it is also necessary to prove two basic elements. First, it is necessary to show that the actual tortfeasor is an "employee" of the defendant. *Riley v Roach,* 168 Mich 294, 307; 134 NW 14; 37 LRA[NS] 834 (1912). It is also necessary to prove that the tortfeasor was acting within the scope of his employment with the defendant. *Hooks v Western & Southern Life Insurance Co,* 268 Mich 421; 256 NW 469 (1934).

the legal title of the vehicle, or (3) be a conditional vendee, lessee, or mortgagor with immediate right to possession. MCLA 257.37; MSA 9.1837.

In the present case the state does not have exclusive control over the vehicle for a period of 30 days. Neither does the state have legal title nor a vendee's, lessee's or mortgagor's interest in Panknin's automobile. The fact that the state reimburses Panknin for the use of his automobile does not create a lease arrangement between Panknin and the state. See *Moore v Palmer, supra,* at 376–378.

The clause that troubled the trial court can be reconciled with the remainder of the statute. The statute only waives the state's immunity from tort liability if the vehicle in question is used in furtherance of a governmental function.[7] Since ownership and operation are separate and distinct concepts, without the clause in question, it would be possible to construe that the state was waiving its immunity from tort liability only if owning the vehicle is a governmental function. However, this language makes it clear that the state waives its immunity from tort liability for the negligent operation of a vehicle, when the operation of the vehicle is a government function. Just as the preceding proposition is clear, it is plain that the Legislature did not intend to waive the state's immunity from tort liability for incidents arising out of an employee's use of his own automobile on state business.

Reversed and remanded for proceedings consistent with this opinion. No costs, a public question being involved.

---

[7] Another statute waives the state's immunity from tort liability while engaged in a proprietary function. The statute also defines a proprietary function. MCLA 691.1413; MSA 3.996(113).