TEMPLIN v OAKLAND COUNTY CLERK

Docket No. 81034. Submitted October 17, 1985, at Lansing.—Decided January 24, 1986.

Plaintiff, Ellen B. Templin, filed a complaint in Oakland Circuit Court against defendants Lynn D. Allen, Oakland County Clerk, the Oakland County Board of Election Commissioners and the Bloomfield Township Clerk. Plaintiff alleged that she had been a candidate in the August 7, 1984, primary election for delegate to the Republican county convention for the 30th Precinct, Bloomfield Township. Plaintiff further alleged that the defendants had positioned her name on the primary ballot below that of the only other candidate for delegate to the Republican county convention in violation of a provision of the Michigan Election Law requiring that, when possible, the names of candidates running for the same office are to be placed on ballots side by side on the same row. The circuit court, David F. Breck, J., after a show cause hearing, held that plaintiff was a candidate within the statutory definition of the word "candidate" and declared the office of Bloomfield Township Republican delegate vacant. The Republican Committee of Oakland County moved to intervene and filed an intervening complaint for declaratory judgment requesting that the circuit court interpret the word "candidate" to include all future candidates in Oakland County for the office of delegate to the county convention. The circuit court granted the committee's motion and the declaratory relief which it sought. Plaintiff's suit as to the Bloomfield Township Clerk was subsequently dismissed. The remaining defendants appealed. *Held:*

1. The word "candidate" as used in the statute includes a candidate for delegate to a political county convention.

2. The circuit court did not err by declaring the position of Bloomfield Township delegate to the Republican county conven-

REFERENCES

Am Jur 2d, Elections §§ 120-122, 207, 215-220.
See the annotations in the ALR3d/4th Quick Index under Ballots; Elections.

tion to be vacant, after determining that the election was improper.

3. The Court of Appeals reviewed defendants' other claims of appeal and found them to be without merit.

Affirmed.

Elections — Michigan Election Law — Candidates — Delegates to County Conventions.

The word "candidate" as used in a provision of the Michigan Election Law requiring that, when possible, the names of candidates running for the same office are to be placed on ballots side by side on the same row, includes a candidate for delegate to a political county convention (MCL 168.586; MSA 6.1586).

*Paul A. Nida,* for plaintiff.

*Karl W. Randall,* Assistant Oakland County Corporation Counsel, for defendants.

Before: V. J. Brennan, P.J., and Beasley and J. P. Noecker,* JJ.

Per Curiam. Lynn D. Allen, Oakland County Clerk, and the Oakland County Board of Election Commissioners (defendants) appeal as of right from an order filed September 21, 1984, and an order dated October 11, 1984, which were entered by Oakland County Circuit Court Judge David F. Breck. In the two orders, Judge Breck held that the word "candidate" as used in MCL 168.586; MSA 6.1586 includes a candidate for delegate to a county political convention.

On August 16, 1984, plaintiff, Ellen B. Templin, filed a complaint for "Mandamus Injunction and Other Relief" in Oakland County Circuit Court, naming the Bloomfield Township Clerk, the Oakland County Clerk, and the Oakland County Board of Election Commissioners as defendants. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bloomfield Township Clerk was subsequently dismissed as a defendant. Plaintiff alleged that she had been a candidate in the August 7, 1984, primary election for delegate to the Republican County Convention for the 30th Precinct, Bloomfield Township (precinct delegate). Plaintiff alleged further that defendants had positioned her name on the primary ballot contrary to the requirements of MCL 168.586; MSA 6.1586. That statutory provision requires that, when possible, the names of candidates running for the same office are to be placed on ballots side by side on the same row. Plaintiff's name was placed in a row below the name of the only other candidate who was running, Marlene O'Bryan, even though there was ample space to the side. On the same day, Judge Breck entered an order to show cause.

Defendants filed an answer on August 31, 1984, and denied that MCL 168.586; MSA 6.1586 was applicable and alleged that plaintiff was not a "candidate" within the meaning of the statute.

On September 5, 1984, a hearing was held on the show cause order. During the hearing, Judge Breck had before him a sample ballot which Bloomfield Township had used to tally the voting results. The sample ballot showed the positioning of the candidates' names. By stipulation of the parties, it has been included in the record. At the hearing, Judge Breck held that plaintiff was a "candidate" within the meaning of MCL 168.586; MSA 6.1586 and declared the office of Bloomfield Township Republican Delegate vacant.

On September 19, 1984, the Republican Committee of Oakland County (hereafter the committee or the intervenor) moved to intervene and filed an intervening complaint for declaratory judgment, requesting that Judge Breck interpret the word "candidate" in MCL 168.586; MSA 6.1586 to in-

clude all future candidates in Oakland County for the office of delegate to the county convention.

On September 21, 1984, Judge Breck entered an order making his September 5, 1984, bench ruling effective. The order stated that the August 7, 1984, primary election "in the 30th Precinct of Bloomfield Township" as it pertained to the election of a Republican delegate to the county convention violated MCL 168.586; MSA 6.1586.

On September 26, 1984, a hearing was held on the committee's motion to intervene. At that hearing, the committee informed Judge Breck that it was not seeking to have any other delegate office declared vacant, but rather that it was seeking only that a declaratory judgment be entered that would have future county-wide application, *i.e.,* that all candidates for precinct delegate be considered "candidates" within the meaning of the statute. The committee asserted that the September 21, 1984, order, which had been entered after the motion to intervene had been filed, would have effect only in Bloomfield Township. From the bench, Judge Breck granted the committee's motion to intervene and granted the relief requested. An appropriate order was entered on October 11, 1984. Defendants appeal as of right from both the September 21, 1984, order and the October 11, 1984, order.

The first issue for consideration is whether the word "candidate" in MCL 168.586; MSA 6.1586 includes a candidate for delegate to a political county convention.

Defendants concede that plaintiff's name was not placed on the same row of the election ballot as the name of the other candidate for the same position, as required by MCL 168.586; MSA 6.1586, but argue that the statute is not applicable because it only governs candidates for public office.

MCL 168.586; MSA 6.1586 provides:

"The provisions relative to the use of voting machines at general elections shall apply, as near as may be, to the use of voting machines at primary elections. In primary elections the names under the heading designating each official position shall be printed in the same order as the names are required to be listed on paper ballots in such elections. The names of all candidates of each political party, where feasible, shall appear on a single row of the voting machine assigned to such party. When not feasible because of limitations of space the names of such candidates may appear on the next succeeding row or rows. Before providing that the names of candidates shall appear on a succeeding row, all available spaces on the row assigned to such party shall be used. The determination of the feasibility shall be made by the election commission of the political entity setting up the arrangement of the face of the machine. In determining feasibility the same consideration shall be given to nonpartisan and local candidates as is given to state and county candidates."

The Michigan Election Law, MCL 168.1 *et seq.;* MSA 6.1001 *et seq.,* does not define the word "candidate". A general rule of statutory construction is that words and phrases should be construed according to their common meaning. MCL 8.3a; MSA 2.212(1), *Peters v Dep't of State Highways,* 66 Mich App 560, 563; 239 NW2d 662 (1976). Logically, most people would believe that if an individual's name is listed on an election ballot, that individual is a candidate for something.

Defendants' position is that every one of the 56 individuals listed on the August 7, 1984, primary ballot are "candidates" except for plaintiff and Marlene O'Bryan, the two individuals who ran for precinct delegate. In our opinion, the common meaning of the word "candidate" would, indeed, include plaintiff.

To support their argument, defendants rely principally upon MCL 168.2; MSA 6.1002, which provides in pertinent part:

"The term 'election', as used in this act, shall mean and be held to include any election and primary election, at which the electors of the state or of any subdivision thereof choose or nominate by ballot public officials or decide any public question lawfully submitted to them."

This section merely defines an "election" as any election at which public officials are chosen or nominated by ballot or a public question is decided. Since the August 7, 1984, primary election nominated several candidates for public office, it was an "election". It did not cease to be an "election" because two candidates for a nonpublic office were also included on the ballot. There is no basis for defendants' interpretation that this provision defines the word "candidate" as used in MCL 168.586; MSA 6.1586 to include only candidates for public office.

Defendants also rely upon MCL 168.7; MSA 6.1007, which provides:

"The term 'primary' or 'primary election', as used in this act, shall mean a primary election held for the purpose of deciding by ballot who shall be the nominees for the offices named in this act, or for the election by ballot of delegates to political conventions."

This provision implies that delegates to political conventions may be listed on the primary ballots as candidates. Thus, this section cuts against, not in favor, of defendants' position.

Moreover, several other sections of the Michigan Election Law specifically refer to individuals running for delegate to county conventions as "candi-

dates". For example, MCL 168.605; MSA 6.1605 provides:

"The name of the candidate for delegate to the county convention shall not be printed upon the official primary election ballot, but 1 or more such names may be placed on such ballot by printed or written slips pasted thereon by the elector, or the names may be written in by the elector."

MCL 168.621; MSA 6.1621 provides:

"In all counties the provisions of this chapter shall be in force and effect and the nomination of all candidates of all political parties for delegates to county conventions shall be conducted as herein provided."

See also MCL 168.624; MSA 6.1624 and MCL 168.625; MSA 6.1625.

In our opinion, Judge Breck properly concluded that plaintiff was a candidate within the meaning of MCL 168.586; MSA 6.1586.

The next issue for consideration is whether the trial court erred by declaring the office vacant.

Having determined that the election was improper, the court had three alternatives: to order a special election; to declare the office vacant, or to do nothing. A special election would have been costly and, while the office of precinct delegate is an important one, it is not the type of office for which a special election is justified. On the other hand, to find the election was illegal and then do nothing would have made no sense. While defendants correctly quote authority for the proposition that voters have a right to presume election officials have done their duty and a right to rely upon legally authenticated ballots in statutory form, this argument begs the question. The ballot was not in statutory form and, therefore, the voters

had no right to rely upon it. MCL 168.609; MSA 6.1609 provides a procedure for the filling of precinct delegate vacancies. Judge Breck utilized this provision to fashion a proper remedy.

We also point out that it was defendants' attorney who suggested the remedy of vacating the office. Thus, the issue was not properly preserved below.

We have reviewed defendants' remaining claims of error and find them to be without merit.

Affirmed.